**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COURTNEY J. BARR<br>7036 Strathmore Street<br>Unit 311<br>Chevy Chase, MD 20815,<br><br>      Plaintiff,<br><br>    v.<br><br>HUMANA INC.<br>500 West Main Street<br>Louisville, KY 40202,<br><br>Registered Agent:<br>Corporation Service Company<br>1090 Vermont Avenue, N.W.<br>Washington, DC 20005<br><br>and<br><br>HUMANA INSURANCE COMPANY<br>975 F Street, N.W.<br>Washington, DC 20001,<br><br>Registered Agent:<br>Corporation Service Company<br>1090 Vermont Avenue, N.W.<br>Washington, DC 20005<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.  Plaintiff Courtney J. Barr, by and through undersigned counsel, hereby files this action against Defendants Humana Inc. and Humana Insurance Company (together "Humana"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as

amended, 42 U.S.C. § 2000e et seq., the Equal Pay Act of 1963 ("EPA"), as amended, 29 U.S.C. § 206(d) et seq., the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., and the D.C. Family and Medical Leave Act ("D.C. FMLA"), D.C. Code Ann. §§ 32-501 to 32-517. Plaintiff seeks all remedies and relief available under Title VII, § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the EPA, 29 U.S.C. §§ 206(d) et seq. and 215(a)(3); the FMLA, 29 U.S.C. §2617; and D.C. FMLA §§ 32-509(b)(6)-(7), for harms caused to Plaintiff by Defendants' unlawful discrimination on the basis of her gender (female), unlawful unequal payment of wages, unlawful termination for taking approved leave, retaliation for prior protected activity (i.e., taking leave pursuant to FMLA and D.C. FMLA), and permanent and irreparable harm to her career. Plaintiff requests as relief: reinstatement, or in the alternative, front pay; back pay and back benefits; compensatory damages; punitive damages; appropriate record correction; a positive letter of reference; reasonable attorney fees, costs, and expenses; and such other relief as the Court deems just and appropriate in order to fully remedy Defendants' unlawful acts.

**PARTIES**

2.   Plaintiff Courtney J. Barr is a United States citizen
and resides at 7036 Strathmore Street, Unit 311, Chevy Chase,
MD 20815.  At all times relevant to the Complaint, Ms. Barr was
employed by Defendants as its Political Action Committee
Manager, and reported to Humana's D.C. office, located at 975
F Street, N.W., Washington, DC 20001.  Ms. Barr has many years
of experience in political action and legislative work, and
received a Graduate Certificate in Political Action Committees
and Political Management from George Washington University in
2004.

3.   Defendant Humana Inc. is a large health benefits
corporation consisting of approximately 30,000 employees, and
is headquartered at 500 West Main Street, Louisville, Kentucky
40202.  At all times relevant to this Complaint, Defendant
Humana Inc. was a corporation doing business in the District of
Columbia through its local affiliated subsidiary, Humana
Insurance Company.

4.   Defendant Humana Insurance Company is a corporation
doing business in the District of Columbia.  Humana Insurance
Company consists of approximately 500 employees.  At all times
relevant to the Complaint, Humana Insurance Company was under

3

the complete dominion and control of Humana Inc.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this Complaint because it presents questions of federal law. 28 U.S.C. § 1331.

6.   Specifically, this Court has jurisdiction over this Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(3), the Equal Pay Act of 1963 ("EPA"), as amended, 29 U.S.C. § 206(d) et seq., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.

7.   In addition, this Court has supplemental jurisdiction over Ms. Barr's D.C. Family and Medical Leave Act claim.   28 U.S.C. § 1367.  Ms. Barr's D.C. FMLA claim arises from a common nucleus of operative fact, and involves the same parties.

8.   This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).   Almost all of the complained of acts took place in the District of Columbia.

9.   Ms. Barr timely initiated and fully exhausted the administrative process.  On November 13, 2012, Ms. Barr filed a Charge of Discrimination with the D.C. Office of Human Rights ("OHR"), and this Charge was cross-filed with the United States Equal Employment Opportunity Commission's ("EEOC") Washington Field Office.  Counsel for Ms. Barr received her Dismissal and

4

Notice of Rights from the EEOC on December 20, 2013. Ms. Barr hereby timely files her discrimination complaint in this Court on March 14, 2014, within 90 days of receiving the EEOC's Dismissal Notice.

## **FACTS**

10.   Defendants Humana Inc. and Humana Insurance Company employed Ms. Barr as a Political Action Committee Manager on December 14, 2008. Afterwards, Humana employed Patrick Velliky (male) as a Federal Affairs Manager.

11. Ms. Barr and Mr. Velliky's jobs required substantially equal skill, effort, and responsibility.

12.   For example, both Ms. Barr and Mr. Velliky were process managers, both represented Humana Inc. in their interactions with Capitol Hill staffers, and both presented official Humana Inc. talking points on legislative issues.

13.   Ms. Barr and Mr. Velliky's jobs were performed under similar working conditions.   Both Ms. Barr and Mr. Velliky worked out of Humana's D.C. office.

14.   Nevertheless, Ms. Barr was paid a substantially lower salary than Mr. Velliky.  Ms. Barr's salary was $77,000.  Mr. Velliky's salary was $90,000 (i.e., $13,000 more than Ms. Barr's salary).

15.  Ms. Barr's supervisor, Humana's Director of Federal Affairs Jill Canino, was aware that Ms. Barr's salary was $77,000, and Mr. Velliky's salary was $90,000.

16.  After Ms. Barr discovered the salary disparity (i.e., $13,000) in the fourth quarter of 2011, Ms. Barr had a meeting with Ms. Canino on January 19, 2012, and in this meeting raised questions and complained about her salary disparity.  Ms. Canino was dismissive of Ms. Barr's concerns, rude, and intimidating.

17.  Humana never increased Ms. Barr's salary commensurate to the salary of her male co-worker, Mr. Velliky.

18.  From the date Ms. Barr complained about the salary disparity until her termination, she continued to receive less pay than Mr. Velliky; specifically, on February 3, 2012, February 17, 2012, March 2, 2012, March 16, 2012, and every pay period until her termination on September 26, 2012.

19.  Ms. Canino treated female Humana employees such as Ms. Barr more harshly than male Humana employees.  Examples of such unequal, harsh treatment involve performance evaluation, family medical leave, and termination.

20.  In addition, upon information and belief, Ms. Canino engaged in a personal relationship with a male Humana colleague, who was also a supervisor. (Such a relationship would violate

6

Humana policy and would normally result in discipline.)

21.   Humana terminated Ms. Barr on September 26, 2012, the day she was supposed to return to the office from approved family medical leave, for purported "insubordination and lack of self-awareness."

22.   However, Ms. Barr was praised for her hard work, receiving statements such as "[f]rom you comes nothing but the best" and a statement from Ms. Canino recognizing Ms. Barr's "perfect service."

23.   Humana's September 26, 2012 "Termination of Employment Memo" ("Termination Memo") to Ms. Barr cites a Competency & Contribution Improvement Plan ("CCIP") as one factor.

24.   However, Ms. Barr had satisfactorily completed the CCIP.

25.   In fact, Ms. Canino noted Ms. Barr's satisfactory completion of the CCIP in their meeting on January 19, 2012, moments before Ms. Barr complained about the salary disparity.

26.   Indeed, Humana's Termination Memo only starts tracking alleged acts of "insubordination" beginning in February 2012, less than one month after Ms. Barr complained about her salary disparity on January 19, 2012.

27.   The Termination Memo cites "typos" as another factor

7

for Ms. Barr's termination.

28.   However, the Termination Memo itself contains typographical errors, including Ms. Barr's alleged "Refulsal" to perform "assigned duiteis," and "takikng" deliberate steps to undermine management.

29.   In addition, Ms. Barr was out of the office on approved leave due to a serious medical condition in her family from June to September 2012.   Specifically, Ms. Barr was approved for leave from June 11, 2012 until August 28, 2012, under the Family and Medical Leave Act of 1993.   Ms. Barr was approved for leave from August 29, 2012 until September 25, 2012, under the District of Columbia Family and Medical Leave Act.

30.   Humana did not return Ms. Barr to the same or an equivalent position at the end of her FMLA and D.C. FMLA leave; instead, Humana terminated Ms. Barr.   Humana's management was upset that Ms. Barr was taking leave, and in several instances tried to deter Ms. Barr from taking leave.

31.   In part because of Ms. Barr's complaint about her salary disparity, Humana terminated Ms. Barr.

32.   In part because of Ms. Barr's taking of approved FMLA and D.C. FMLA leave, Humana terminated Ms. Barr.

## CAUSES OF ACTION

### COUNT I
### UNEQUAL PAY
### IN VIOLATION OF THE EQUAL PAY ACT

33.   Based upon the facts described in the preceding paragraphs, Defendants unlawfully paid Plaintiff Courtney Barr lower wages than a similarly situated male co-worker, in violation of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) et seq.

### COUNT II
### DISCRIMINATION BASED ON SEX
### IN VIOLATION OF TITLE VII

34.   Based upon the facts described in the preceding paragraphs, Defendants unlawfully discriminated against Plaintiff Courtney Barr on the basis of her sex (female) when Defendants paid Plaintiff lower wages than a similarly situated male co-worker, and subjected Plaintiff to disparate treatment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## COUNT III
## UNLAWFUL TERMINATION
## IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

35.   Based upon the facts described in the preceding paragraphs, Defendants unlawfully terminated Plaintiff Courtney Barr for taking approved leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.

## COUNT IV
## UNLAWFUL TERMINATION
## IN VIOLATION OF THE D.C. FAMILY AND MEDICAL LEAVE ACT

36.   Based upon the facts described in the preceding paragraphs, Defendants unlawfully terminated Plaintiff Courtney Barr for taking approved leave, in violation of the D.C. Family and Medical Leave Act ("D.C. FMLA"), D.C. Code Ann. §§ 32-501 to 32-517.

## COUNT V
## RETALIATION BASED ON PROTECTED ACTIVITY
## IN VIOLATION OF THE EQUAL PAY ACT

37.   Based upon the facts described in the preceding paragraphs, Defendants unlawfully discriminated against Plaintiff Courtney Barr on the basis of her prior protected activity by terminating Plaintiff, in violation of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 215(a)(3).

10

**COUNT VI**
**RETALIATION BASED ON PROTECTED ACTIVITY**
**IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

38.    Based upon the facts described in the preceding paragraphs, Defendants unlawfully retaliated against Plaintiff Courtney Barr on the basis of her prior protected activity by terminating Plaintiff, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 <u>et</u> <u>seq</u>.

**COUNT VII**
**RETALIATION BASED ON PROTECTED ACTIVITY**
**IN VIOLATION OF THE D.C. FAMILY AND MEDICAL LEAVE ACT**

39.    Based upon the facts described in the preceding paragraphs, Defendants unlawfully retaliated against Plaintiff Courtney Barr on the basis of her prior protected activity by terminating Plaintiff, in violation of the D.C. Family and Medical Leave Act ("D.C. FMLA"), D.C. Code Ann. §§ 32-501 to 32-517.

**RELIEF REQUESTED**

40.    Plaintiff requests the following relief:

a.    A finding that Defendants discriminated against Plaintiff Courtney Barr;

11

b.   Reinstatement of Ms. Barr to her previous position, retroactive to date of termination;

c.   Appropriate back pay and back benefits, or in the alternative, front pay, back pay, and back benefits;

d.   Appropriate record correction regarding or relating to Ms. Barr's termination;

e.   Maximum compensatory damages to which Plaintiff is entitled after proof at trial;

f.   Punitive damages;

g.   Reasonable attorney fees at prevailing market (Laffey) rates and the costs and expenses of this action and Plaintiff's predecessor administrative complaints; and

h.   Such other relief as the Court deems just and appropriate.

## JURY TRIAL

41.   Plaintiff requests a trial by jury on all issues that are triable by jury.


*[Signature to follow]*

12

Respectfully submitted,

JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
DANIEL K. GEBHARDT
(D.C. Bar No. 975703)
NINA Y. REN
(VA Bar No. 86434)
GEBHARDT & ASSOCIATES, LLP
1776 I. Street, N.W.
9th Floor
Washington, DC 20006
(202) 496-0400

March 14, 2014                    Attorneys for Plaintiff